# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:09cr13-14

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>vs. )<br>)<br>)<br>SULEMA VILLAGRANA LOPEZ. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's *Pro Se* Motion to Reduce Sentence pursuant to 18 U.S.C. §3582(c) [Doc. 693].

On February 8, 2012, the Defendant, through court-appointed counsel, filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. §3582(c)(2) [Doc. 618]. On March 6, 2012, the United States Probation Office filed a Supplement to the Presentence Report pursuant to Crack Cocaine Guideline Amendment 750 [Doc. 623]. The Government opposed any reduction because, even after applying Amendment 750, the guideline range remained the same as it was at the time of the Defendant's sentencing. [Doc. 628]. For that reason Defendant is ineligible for a reduction in his sentence pursuant to §3582(c)(2), and on June 6, 2012,

this Court denied the Defendant's motion. [Doc. 643]. The Defendant did not file a notice of appeal from that ruling. Instead, on November 20, 2012, more than five months later, the Defendant filed a second motion for a reduction in sentence based on the same grounds as previously denied. [Doc. 693].

This motion is denied as moot. To the extent that the Defendant intended the motion to be one to reconsider, no such motion is authorized pursuant to the Federal Rules of Criminal Procedure or other statutory provision in the sentencing context. United States v. Rashaad, ____ Fed. App'x. ____, 2013 WL 730147 (4th Cir. 2013) (citing United States v. Goodwyn, 596 F.3d 233, 235-36 (4th Cir.), cert. denied ____ U.S. ____, 130 S.Ct. 3530, 177 L.Ed.2d 1110 (2010)).

**IT IS, THEREFORE, ORDERED** that the Defendant's *Pro Se* Motion to Reduce Sentence pursuant to 18 U.S.C. §3582(c) [Doc. 693] is hereby **DENIED**.

Signed: May 10, 2013

Martin Reidinger
United States District Judge